THU VAN AND LAN ANH THI NGUYEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Thu Van Nguyen v. Commissioner
Docket No. 17178-92
United States Tax Court
T.C. Memo 1993-402; 1993 Tax Ct. Memo LEXIS 416; 66 T.C.M. (CCH) 591; September 2, 1993, Filed *416 An appropriate order granting respondent's motion and dismissing the petition for lack of jurisdiction will be entered. Thu Van Nguyen, pro se. For respondent: Michelle K. Loesch. SCOTT SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: This case was assigned to Special Trial Judge D. Irvin Couvillion pursuant to section 7443A(b)(4) [1] and Rules 180, 181, and 183. The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE COUVILLION, Special Trial Judge: Respondent filed a motion to dismiss this case for lack of jurisdiction on the ground that the petition was not filed within 90 days from the date the notice of deficiency was mailed as required by section 6213(a). Petitioners have objected to the motion, contending the notice of deficiency was not mailed to their "last known address" as *417 required by section 6212(b)(1). An evidentiary hearing was held on the motion. FINDINGS OF FACT Petitioners, husband and wife, were residents of the State of Washington at the time they filed their petition. Respondent determined the following deficiencies and additions to petitioners' Federal income taxes for the following tax years: Additions to Tax
Year
Deficiency
Sec. 6653(b)(1)
Sec. 6653(b)
Sec. 6661
1988
$ 144,152
$ 108,114
-- $ 36,038
1989
68,743
-- $ 51,557
-- The notice of deficiency was mailed by respondent, by certified mail, on February 27, 1992. The notice was mailed to petitioners at the following three addresses: (1) The "Peltier Street" address: 14630 Peltier New Orleans, LA 70129 (2) The "Chef Menteur Street" address: 13334 Chef Menteur, Suite 1 New Orleans, LA 70129 (3) The "St. Charles Avenue" address: 201 St. Charles Avenue, Suite 4500 New Orleans, LA 70130-2945
The notices sent to the St. Charles Avenue address and the Chef Menteur Street address were both returned to respondent, undelivered. Petitioners received the notice sent to the Peltier Street address and filed their petition 148 days after the *418 notice of deficiency was mailed. Petitioners are natives of Vietnam. Mrs. Nguyen came to the United States in 1975. Mr. Nguyen (petitioner) came to the United States in 1979. The two were married in this country. They lived in New Orleans, Louisiana. For the first two years of their marriage, 1979 and 1980, petitioners lived at the Peltier Street address. After 1980, they moved to the Chef Menteur address and lived there until January 1991. Petitioner operated a television repair business at this address. In late December 1990, petitioners were involved in an automobile accident. It appears that petitioner's injuries from this accident incapacitated him for a few weeks or months, and either because of petitioners' inability to pay the rent on their leased premises and/or other problems with their landlord, they moved out of the Chef Menteur Street address in January 1991 and closed their television repair business. Petitioners moved in with petitioner's parents on Dwyer Boulevard in New Orleans for about 1 month. They then moved to neighboring Slidell, Louisiana, for about 2 months, then to Houston, Texas, Alabama, and Atlanta, Georgia, for undisclosed periods of time. *419 Petitioners were seeking employment through all these moves. Finally, petitioners moved to Tacoma, Washington, in April 1992. During the latter period of petitioners' residence at the Chef Menteur Street address and continuing through their various moves, petitioners' Federal income tax returns for the years in question were being audited by an agent of the Internal Revenue Service (the IRS) at New Orleans. Initially, petitioners had a designated representative or agent representing them in the audit. The agent was a Certified Public Accountant (C.P.A.); however, he withdrew as petitioners' representative before the audit was completed, sometime during the period when petitioners were making their various moves. Petitioners never notified the IRS agent of any of their moves or addresses nor did they advise their former agent. The IRS agent made several attempts to locate petitioners, to no avail. Petitioners did not leave forwarding addresses with the United States Postal Service. Sometime prior to 1991, petitioners had rented a post office box for purposes of receiving mail; however, they never notified respondent or the IRS agent of this box. The rental on this box expired *420 in August 1991. In an effort to locate petitioners and to determine their current address, the IRS agent made a computer search of IRS records from which petitioners' 1990 Federal income tax was reflected and based upon which the Peltier Street address was obtained. The IRS agent also contacted petitioners' former landlord at the Chef Menteur Street address, the C.P.A. who formerly represented them, the United States Postal Service for forwarding information, a motor vehicle registration search, Mrs. Nguyen's employer, and Mr. Nguyen's parents on Dwyer Boulevard. The IRS agent was unsuccessful in obtaining any information about petitioners from these sources. Two of the addresses used by respondent in issuing the notice of deficiency came from petitioners' 1988, 1989, and 1990 Federal income taxreturns. Petitioners' 1988 return listed Chef Menteur as their address. That return had attached thereto a W-2 form, Wage and Tax Statement, with respect to wages earned by petitioner during 1988. Petitioner's address on the W-2 form was the Peltier Street address. On their 1989 return, petitioners listed the Dwyer Boulevard address of petitioner's parents as their address. Respondent *421 did not send a notice of deficiency to this address because the IRS agent had already made inquiry at that address. The 1989 return, however, also included a W-2 form to petitioner, from the same 1988 employer, which listed Peltier Street as petitioner's address. On their 1990 return, petitioners did not fill out the address portion of their return. However, a W-2 form attached to that return, from the same 1988 and 1989 employer, listed Peltier Street as petitioner's address. The 1990 return was the last return filed by petitioners prior to issuance of the notice of deficiency. [2] There is no evidence in the record as to how respondent obtained the St. Charles Avenue address. Petitioners never lived at that address, and, in fact, the St. Charles Avenue address was the business address of an accounting firm, Arthur Anderson & Company. At the hearing, petitioner acknowledged that Mrs. Nguyen had once been employed by this accounting firm, although she was no longer employed there at the time the notice of deficiency was issued. *422 The notices of deficiency sent to the St. Charles Avenue and Chef Menteur Street addresses were returned to respondent, undelivered. With respect to the notice sent to the Peltier Street address, even though petitioners had not lived there for approximately 11 years, they, nevertheless, received that notice. The Peltier Street area is in large part a Vietnamese community, and someone in the community accepted delivery of petitioners' notice of deficiency. Through contacts at the local church at New Orleans, petitioner's sister received the notice and forwarded it to petitioners at Tacoma, Washington. She forwarded the notice to petitioners on July 21, 1992, well beyond 90 days from the date respondent mailed it. Petitioners did not notify respondent of their address changes because of their pressing economic problems and their uncertainty as to where they would ultimately reside on a permanent basis. Petitioners contend, however, that respondent had knowledge of their post office box in New Orleans because, during 1991, petitioners had made inquiries with the IRS office at Atlanta, Georgia, regarding their 1989 and 1990 income tax returns. Petitioners submitted into evidence *423 two replies they received from that office during 1991 addressed to petitioners at their New Orleans post office box. At the hearing, petitioners were unable to advise the Court as to what inquiries they had made of the Atlanta office with respect to their tax returns. Petitioners did not offer into evidence the letter or letters to the Atlanta IRS office to establish what these inquiries were about. Although the replies received from the Atlanta IRS office were addressed to petitioners at their New Orleans post office box, the Court is not able to conclude that petitioners, in their correspondence to the Atlanta IRS office, gave notice of a change of address. At best, the post office box was a temporary address, and this information was never made part of respondent's computer information system. The IRS office at New Orleans had no knowledge of the inquiries petitioners made with the Atlanta IRS office nor was the New Orleans office ever contacted by the Atlanta office about petitioners. Petitioners did not, therefore, notify respondent of a change of address as a result of this correspondence. OPINION A valid notice of deficiency and a timely filed petition are prerequisites *424 to this Court's jurisdiction to redetermine a deficiency. Secs. 6212, 6213; e.g., . When the notice of deficiency is addressed to a person within the United States, a petition in this Court is timely only if it is filed within 90 days after the notice of deficiency is mailed. Sec. 6213(a). The petition in this case was filed 148 days after the notice of deficiency was mailed. If the notice of deficiency was properly issued, respondent's motion to dismiss for lack of jurisdiction must be granted because the petition was clearly filed late. Respondent is authorized to send a notice of deficiency to a taxpayer if she determines that there is a deficiency in tax. Sec. 6212(a). If the notice is "mailed" to the taxpayer's "last known address" by certified or registered mail, respondent has complied with the mailing requirement of section 6212(a) and the 90-day period during which a petition may be filed begins to run. Sec. 6212(a) and (b). The burden of proving that this Court has jurisdiction is on the taxpayer. ; ; *425 . The notice of deficiency was mailed to petitioners on February 27, 1992, to three different addresses, all at New Orleans, Louisiana. The record is not clear as to where petitioners were living on that date. They moved to Tacoma, Washington, in April 1992. From January 1991 to April 1992, petitioners made several moves and never notified respondent of their address changes nor did they request the United States Postal Service to forward their mail. The cases hold that it is respondent's knowledge of the taxpayer's address rather than what may in fact be the taxpayer's current address which is the relevant inquiry as to whether a notice of deficiency is mailed to the taxpayer's "last known address" within the intent and meaning of section 6212(b)(1). ; , affd. without published opinion . Respondent's knowledge at the time the notices of deficiency were issued, was based on *426 the information the IRS agent who was conducting the audit had of petitioners, the leads that agent pursued in attempting to find an address or the whereabouts of petitioners, and the tax returns previously filed by petitioners, including the most recently filed return prior to issuance of the notice of deficiency based upon respondent's computer records. Once respondent becomes aware of a change of address, reasonable care and diligence must be exercised by respondent in ascertaining and mailing the notice of deficiency to the correct address. . Generally, the taxpayer's "last known address" is the address to which, in light of all surrounding circumstances, respondent reasonably believed the taxpayer wished the notice of deficiency to be sent. . Respondent is entitled to rely on the address appearing on the taxpayer's most recently filed return, unless respondent has been given clear and concise notification of a different address. . It is well settled *427 that a notice of deficiency is valid even if it is not received by the taxpayer. , affg. an unpublished Order of this Court; ; , affd. without published opinion . That rationale is equally applicable if the deficiency notice is received by the taxpayer after the 90-day period for filing a petition in this Court. The record supports a finding that respondent exercised reasonable care and diligence in attempting to locate petitioners in order to mail the notice of deficiency to their last known address. The IRS agent contacted petitioners' former landlord, the United States Postal Service, and their former representative who had a power of attorney for purposes of the audit; conducted a vehicle registration search; and contacted Mrs. Nguyen's employer and Mr. Nguyen's parents, all to no avail. The last three income tax returns filed by petitioners each included *428 a W-2 form, Wage and Tax Statement, reporting petitioner's wages for each year, and each listed Peltier Street as petitioner's address. One of the returns listed the Chef Menteur Street address, which was in fact the address where respondent's agent was last in contact with petitioners prior to their move in January 1991. Petitioners never notified the IRS agent, or any office of the IRS, of their moves, even though petitioners knew that their income tax returns for the years in question were under audit. Respondent, therefore, exercised reasonable care and diligence in mailing the notice of deficiency as she did. The fact that petitioners did not receive the notice within the 90-day period during which a timely petition could be filed in this Court is not a fault attributable to respondent. The Court dismisses petitioners' contentions that respondent had knowledge of petitioners' post office box in 1991 because of the two letters they received from the Atlanta, Georgia, office of the IRS. The Atlanta office did not have the responsibility of auditing petitioners' returns. The New Orleans, Louisiana, office had that responsibility, and that office was never contacted by the *429 Atlanta office regarding petitioners' income tax returns, nor was the New Orleans office ever advised by petitioners that they had a post office box. Petitioners did not establish that they notified the Atlanta IRS office of a change of address. Petitioners cannot play one hand against the other. Petitioners' responsibility was to notify the New Orleans IRS office of their correct mailing address. Petitioners failed to do this. On this record, the Court holds that the notice of deficiency was mailed to petitioners' "last known address" within the intent and meaning of section 6212(b)(1). Accordingly, the notice of deficiency is valid, and the petition herein was not timely filed. Sec. 6213(a). Accordingly, respondent's motion to dismiss for lack of jurisdiction will be granted. An appropriate order granting respondent's motion and dismissing the petition for lack of jurisdiction will be entered.
Footnotes
1. All section references are to the Internal Revenue Code. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner was questioned as to why his W-2 forms continually were addressed to him at the Peltier Street address, even though he had moved from there after 1980. He testified he never advised his employer of the change of his address, and the W-2 forms each year were delivered to him at work.↩